# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GLOBAL MOGUL, LLC, | |
| Plaintiff, | Case No. 2:13-cv-00224-GMN-PAL |
| vs. | **ORDER** |
| KEVIN JACKSON, et al., | |
| Defendants. | |

  Before the court is Plaintiff's Motion to Attend Settlement Conference by Telephone (Dkt. #66).

  On December 11, 2013, the court granted the Plaintiff's Motion for Settlement Conference (Dkt. #60). In a written order entered December 11, 2013 (Dkt. #61), the court set this settlement conference for February 21, 2013, at 9:30 a.m. The current Motion (Dkt. #66) requests that both Plaintiff and his out-of-state counsel be permitted to attend the settlement conference by telephone because both Plaintiff and counsel reside in Ohio and "personal attendance in Nevada will require burdensome cost and Plaintiff does not have the resources necessary to comply at this time." No explanation is given for why counsel waited until the week before the settlement conference to request an exception to the personal attendance requirement at a settlement conference which the Plaintiff requested. The Plaintiff's motion requesting a judicial settlement conference did not request a telephonic appearance and requested a settlement conference within 30 days or as soon as practicable.

  Additionally, this is not the first time out-of-state counsel has failed to participate in a hearing scheduled in this case. The court set this matter for a hearing on Defendants' Motion to Strike (Dkt. #57) on December 10, 2013. Local counsel appeared in person, and expected out-of-state counsel who is designated as "lead" counsel to participate telephonically, but lead did not make the necessary arrangements to appear telephonically, and was not available when the courtroom administrator

attempted to reach him for the hearing.  At the hearing the court discussed the Plaintiff's request for a settlement conference and the court's scheduling constraints.  The court advised counsel that the request would be granted but that the Plaintiff and "lead" counsel would be required to appear in person in accordance with the court's standard order.  Local counsel assured the court that this would be conveyed to out of state counsel.  The Order granting the Plaintiff's motion for settlement conference and outlining the date, time and requirements for preparation for the conference was entered the day after the hearing, on December 11, 2013.

Defendants' Motion to Strike (Dkt. #57) which lead counsel failed to attend was granted because counsel for Plaintiff failed to meet the deadline for disclosing expert witnesses set by the court's discovery plan and scheduling order.  Although the Plaintiff disclosed the names of its experts, it did not comply with the disclosure requirements of Rule 26.  The court found that Plaintiff's failure to comply with the discovery plan and scheduling order deadline, and the requirements of Rule 26 (a)(2)(B) was neither substantially justified nor harmless and therefore granted the motion.

Finally, Plaintiff initiated this lawsuit and filed it in this forum.  The conclusory statements of Plaintiff and counsel that they both reside in Ohio and therefore it would be too expensive to attend the settlement conference Plaintiff requested is not good cause for telephonic appearances in a case Plaintiff elected to file in this forum.  In the court's experience,  telephonic settlement conference appearances by the parties and their trial counsel are rarely productive.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Attend Settlement Conference by Telephone (Dkt. #66) is **DENIED**.

Dated this 10th day of February, 2014.

_____
Peggy A. Leen
United States Magistrate Judge